UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MAHALIA JACKSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, AFL-CIO,** ***et al.*****,**<br><br>**Defendant.** | **Case No. 25-cv-4226** |

## MEMORANDUM OPINION

Plaintiff Mahalia Jackson, appearing *pro se*, claims that her local union, her local union's president, and her settlement administration company improperly withheld $52,000 of settlement proceeds from her. The Court today holds that Plaintiff has not demonstrated that she has met the mandatory prerequisites to proceed with her suit's single federal statutory claim, and that the Court declines jurisdiction to entertain the remainder of the suit. Accordingly, the Court will dismiss the case.

## BACKGROUND

Plaintiff, according to her Complaint, was a participant and qualified member in a class action settlement that her labor union, the American Federation of Government Employees Local 4060 (AFGE) reached with FEMA. ECF No. 1, at 6. This settlement was administered by the company Class Action Implementation Group (CAIG), who notified Plaintiff via email in December of 2022 that the settlement funds were ready for distribution and provided her with a login portal to view her portion of the proceeds. *Id.* at 10. Plaintiff alleges that in early 2025, she

viewed this CAIG portal and was shown that she had been allocated $54,000 in settlement proceeds, but that by May of 2025, this amount had been reduced to approximately $2,000. *Id.* at 2. Plaintiff states that she then "promptly sought clarification and correction from AFGE Local 4060 and CAIG, but no explanation, accounting, or remedial action was provided." *Id.*

Plaintiff has attempted to bring suit on these facts against three parties: (1) AFGE Local 4060, (2) AFGE Local 4060's President, Khaalis Jackson, and (3) CAIG, *id.* at 1, 2,[1]on three state law counts: (1) conversion, (2), breach of contract, and (3) unjust enrichment, *id.* at 3-4. In addition, Plaintiff has brought a claim under 29 U.S.C. § 501 against AFGE and Jackson, and a state law claim of aiding and abetting against CAIG. *Id.*

There are several motions currently pending before the Court, including a motion by Plaintiff for leave to sue under 29 U.S.C. § 501(b), ECF No. 2, a motion by Plaintiff for alternative service as to Defendant Jackson, ECF No. 10, and motions to dismiss by the two other defendants, ECF Nos. 4, 21. The Court will begin with Plaintiff's motion for leave to sue, as whether Plaintiff can proceed under 29 U.S.C. § 501(b) speaks directly to whether the Court has subject matter jurisdiction in this case.

## ANALYSIS

The Labor–Management Reporting and Disclosure Act (LMRDA) sets out the fiduciary duties of union officers, 29 U.S.C. § 501(a), and allows union members to bring suits against individual union officers for breaches of these fiduciary obligations, 29 U.S.C. § 501(b); *Saunders v. Hankerson*, 312 F. Supp. 2d 46, 55 (D.D.C. 2004). To institute a suit under the LMRDA, a union member must first obtain "leave of the court . . . for good cause shown." 29 U.S.C. § 501(b). This good cause requirement is not a strict standard in the D.C. Circuit—indeed, "only a narrow range

[1] It is disputed whether Plaintiff has indeed properly sued the intended parties. *See* ECF No. 4. Given the Court's order today, however, the Court does not reach this issue.

of defenses should be considered" in assessing whether good cause has been met. *George v. Loc. Union No. 639*, 98 F.3d 1419, 1422 (D.C. Cir. 1996). It is well-settled, however, that good cause is not met if there has been a "failure to comply with a condition precedent to bringing suit" on the part of the plaintiff. *Id.*

The main condition precedent under § 501(b) is that a member of the labor organization, prior to bringing suit, must have requested that the union or its governing board or officers sue, recover damages, secure an accounting, or take other appropriate relief regarding the alleged violation of fiduciary duties, and the union must have refused or failed to do so. 29 U.S.C. § 501(b); *Saunders*, 312 F. Supp. at 60. Courts have varied in what type of requests may fulfill this futility requirement. *See Hanahan v. Lucassen*, 764 F. Supp. 194, 196 (D.D.C. 1991) (requiring a "demand to sue" as a condition precedent to suit); *Saunders*, 312 F. Supp. 2d at 60 (finding a press release to be a sufficient demand for appropriate release as it alleged the union had a fiduciary duty which it failed to fulfill); *Dinko v. Wall*, 531 F.2d 68, 70–73 & n. 2 (2d Cir.1976) (finding that a detailed letter which requested a "complete accounting" of union expenditures was sufficient); *compare Cassidy v. Horan*, 405 F.2d 230, 232 (2d Cir.1968) (finding a demand that officers return certain sums of money insufficient).

When analyzing the sufficiency of a request, however, it is always important to remember that the "[t]he Act was not 'intended by Congress to constitute an invitation to the courts to intervene at will in the internal affairs of unions'; rather, there was an underlying 'general congressional policy to allow unions great latitude in resolving their own internal controversies.'" *Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Hoffa*, 242 F. Supp. 246, 249 (D.D.C 1965). As such, the central inquiry regarding the futility requirement should be

whether the plaintiff has made a specific and direct enough request to the union to reasonably allow the union to first resolve this controversy internally without court intervention.

Here, Plaintiff Jackson simply states in her motion for leave to sue that she observed that her settlement funds were improperly decreased and "promptly requested that AFGE Local 4060, and authorized officers…investigate and correct the matter." ECF No. 2 at 2. On its face, this request may or may not be sufficient, depending on how exactly Plaintiff Jackson made this request, what she requested, and how specific she was. As stated above, it is essential that Plaintiff actually provided the union with notice of the alleged violation of an officer's fiduciary obligations, so that the union had a chance to internally address the allegation. As Plaintiff's motion provides no further detail on this point, the Court looks towards Plaintiff's complaint.

Plaintiff's complaint, however, is unfortunately of little further help in clarifying what steps Plaintiff took to satisfy the prerequisite to suit. Plaintiff there merely states that she "promptly sought clarification and correction from AFGE Local 4060 and CAIG" after the alleged erroneous withdrawal was made "but no explanation, accounting, or remedial action was provided." ECF No. 1 at 2. Plaintiff's exhibit B, labeled as "Emails (Settlement Agreement, Explanation of Compensation, Plaintiff appeal process email through CAIG and AFGE Local 4060 changed amounts identified as emails" is the closest that Plaintiff gets to demonstrating exactly what action she may have requested, but even there, each piece of provided email correspondence appears to be between her and CAIG rather than between her and the union, and never mentions any allegation that any member of the union violated their duties. In short, even under a liberal construction of plaintiff's filings, plaintiff has never claimed that she directly informed her union of her allegation that a member had violated their duties under 29 U.S.C. § 501(a) before filing suit, let alone shown that she requested action comparable to a demand to sue on this alleged

violation. All she has claimed is that she "sought clarification" from them about a change in her settlement amounts. Seeking clarification about changed amounts does not itself allege a violation of fiduciary duties. Granting leave to proceed under 29 U.S.C. § 501(b) would therefore unduly interfere in the internal affairs of the union without first allowing the union an opportunity to resolve this matter itself, in contravention of a core consideration of the statute. *Int'l Bhd. of Teamsters*, 242 F. Supp. at 249.

Accordingly, the Court will deny plaintiff's motion, ECF No. 2, for leave to sue under 29 U.S.C. 501(b), and dismiss the portions of Plaintiffs claims that arise under 29 U.S.C. 501(b). The Court additionally notes that, even had Ms. Jackson satisfied this prerequisite, the portion of her 29 U.S.C. § 501(b) claims that were brought against AFGE itself could not be maintained as a union itself may not be sued under 29 U.S.C. § 501(b). *See* 29 U.S.C. § 501(b)(allowing suit when certain prerequisites are met against an "officer, agent, shop steward, or representative[.]"); *see also Saunders*, 312 F. Supp. at 58 ("[C]laims made pursuant to Section 501 of the LMRDA cannot be brought against labor organizations such as the AFT, but rather can be made only against officers acting in their official capacities.").

As Plaintiff has only plead subject-matter jurisdiction by way of federal question jurisdiction, and Plaintiff's claim under 29 U.S.C. 501(b) was her only federal claim, the Court must now address subject-matter jurisdiction. *See Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("A defect of subject-matter jurisdiction is non-waivable, such that a court must always assure itself of its subject-matter jurisdiction regardless of whether a party has raised a challenge."). The federal supplemental jurisdiction statute 28 U.S.C.A. § 1367 provides that a district court may "decline to exercise supplemental jurisdiction" over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." The

court's ability to decline such jurisdiction is discretionary. *D.C. v. Merit Sys. Prot. Bd.*, 762 F.2d 129, 133 (D.C. Cir. 1985).

Here, the Court declines to exercise supplemental jurisdiction over the remaining state law claims asserted by Ms. Jackson. The court has not yet opined on the merits of any of the state law claims, nor entered any dispositive orders aside from this one, and as such judicial economy and fairness to the parties will not be sacrificed by dismissing such claims for refiling in local court.

## CONCLUSION

In accordance with the above reasoning, the Court will dismiss the instant case, and all motions currently pending on the docket will be denied as moot. An order consistent with this opinion shall issue.

9-28-26

Date

ROYCE C. LAMBERTH
United States District Judge